THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Glen Ammons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:21-cv-1606 |
| | ) | |
| Unifin, Inc., an Illinois corporation, LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, LP, a Delaware limited partnership, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Glen Ammons, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant Unifin resides here and all Defendants transact business here.

**PARTIES**

3. Plaintiff, Glen Ammons ("Ammons"), is a citizen of the State of Louisiana, from whom Defendants attempted to collect a defaulted consumer debt that he allegedly

owed for an eBay/Synchrony Bank account, despite the fact that he had exercised his rights to dispute and refuse to pay the debt and to be represented by the legal aid agents/attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Unifin, Inc. ("Unifin"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Skokie, Illinois, Defendant Unifin operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state. In fact, Defendant Unifin was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. LVNV operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, LP, ("Resurgent"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a

nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiff.

7. Defendant LVNV is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. LVNV has no employees and acts through its sister company, Defendant Resurgent, which directs and controls LVNV. Resurgent collects debts owed to LVNV on its own accord, and also hires other collection agencies to collect debts owed to LVNV.

8. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

9. Defendants Unifin, LVNV and Resurgent are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached at Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

10. Mr. Ammons is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for an eBay/Synchrony Bank ("Synchrony") account. In response to his financial problems, Mr. Ammons sought the assistance of the Chicago Legal Clinic's LASPD program, regarding his debt problems, including the Synchrony debt.

11. Accordingly, on February 12, 2020, one of Mr. Ammons' legal aid

agents/attorneys informed Synchrony that Mr. Ammons refused to pay the debt at issue. A copy of this letter and fax confirmation are attached at Exhibit B.

12. Sometime after that debt went into default, it was allegedly purchased/ obtained by Defendants LVNV and Resurgent, which then attempted to collect the debt from Mr. Ammons via a negative credit report and a collection letter through Defendant Unifin, dated October 14, 2020. A copy of this letter is attached at Exhibit C.

13. Accordingly, on November 30, 2020, Mr. Ammons' agents/attorneys confirmed to Defendants, in writing, that Mr. Ammons refused to pay the debt and that Defendants should cease communications. This letter also informed Defendants that the debt at issue was disputed. A copy of this letter and fax confirmation are attached at Exhibit D.

14. Nonetheless, Defendants sent collection letters, dated December 3, 2020 and December 22, 2020, directly to Mr. Ammons, demanding payment of the Synchrony debt. Copies of these letters are attached at Group Exhibit E.

15. Accordingly, on January 15, 2021, Mr. Ammons' agents/attorneys had to inform Defendants, again in writing, that Mr. Ammons refused to pay the debt and that Defendants should cease communications. A copy of this letter and fax confirmation are attached at Exhibit F.

16. On January 22, 2021, Mr. Ammons obtained and reviewed a copy of his TransUnion credit report, which showed that Defendants LVNV and Resurgent had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Mr. Ammons' TransUnion credit report is attached as Exhibit G.

17. In enacting the FDCPA, Congress expressly set forth that the statute was

intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

<u>See</u>, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

18. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer disputes the debt and refuses to pay or that the consumer wishes the debt collector to cease further communication with the consumer", <u>see</u>, 15 U.S.C. § 1692c(c).

19. Mr. Ammons had been informed by counsel and believed that he had the right to dispute and refuse to pay this debt, the right to demand that collection communications cease, and a right to privacy. Defendants' collection communications made him believe that his demands had been futile and that he did not have the rights that Congress had granted him under the FDCPA. Defendants' collection actions resulted in a direct invasion of Mr. Ammons' legally-protected right to be left alone and his right to privacy – rights granted to consumers under § 1692c of the FDCPA. Moreover, Mr. Ammons had to go to the trouble and expense of having his counsel at LASPD send yet another letter to Defendants to tell them to leave him alone, <u>see</u>,

5

Exhibit F.

20.     Moreover, Ammons had been informed by counsel and believed that he had the right to be represented by counsel as to his debts. Defendants' collection communications made him believe that his demands had been futile and that he did not have the rights that Congress had granted him under the FDCPA. Defendants' collection actions resulted in a direct invasion of Mr. Ammons' legally-protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA. Moreover, Mr. Ammons had to go to the trouble and expense of having his counsel at LASPD send yet another letter to Defendants to notify them that he was represented by counsel, see, Exhibit F.

21.     Defendants' actions caused Plaintiff to question whether his counsel had done its job, whether he could refuse to pay the debt, whether he had the right to dispute the debt, whether he had the right to be left alone, and whether he had the right to be represented by counsel – all of which upset, distressed and alarmed Mr. Ammons and impacted his credit score.

22.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

23.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

24.     Plaintiff adopts and realleges ¶¶ 1-23.

6

25. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they dispute and refuses to pay. See, 15 U.S.C. § 1692c(c).

26. Here, the letters from Plaintiff's attorneys to Defendants' predecessor-in-interest and directly to Defendants told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment (Group Exhibit E), Defendants invaded Mr. Ammons' right to privacy and violated § 1692c(c) of the FDCPA.

27. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

28. Plaintiff adopts and realleges ¶¶ 1-23.

29. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

30. Defendants knew that Plaintiff was represented by counsel in connection with his debt because his agents/attorneys had given notice, in writing, to LVNV's debt collector, Unifin (Exhibit D), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff collection

letters (Group Exhibit E), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

31. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e(8) Of The FDCPA – Failing To Report That A Disputed Debt Is Disputed

32. This Count is brought solely against Defendants LVNV and Resurgent.

33. Plaintiff adopts and realleges ¶¶ 1-23.

34. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

35. Defendants LVNV and Resurgent, by continuing to report the debt to a credit reporting agency, when they knew the debt was disputed by Plaintiff, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

36. Defendants' LVNV's and Resurgent's violation of § 1692e(8) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Glen Ammons, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ammons, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Glen Ammons, demands trial by jury.

Glen Ammons,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 24, 2021

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com